UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID ELLENWOOD et al.,<br><br>　　　　　　　　Defendants. | Case No. 24-11992<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS DAVID ELLENWOOD, DEBORAH ELLENWOOD, AND TIMOTHY ELLENWOOD (ECF NO. 17)**

### I.   INTRODUCTION

Plaintiffs Allstate Vehicle and Property Insurance Company and Allstate Fire and Casualty Insurance Company (collectively, "Allstate") filed this action seeking a declaratory judgment that it owes no duty to defend or indemnify Timothy Ellenwood (the son and resident relative of Allstate's insureds, David and Deborah Ellenwood (collectively, "Insureds")) in an action brought against him by Rachel Cook (Individually, and as Personal Representative of the Estate of Michael William Hunter (Deceased)) in Lenawee County Circuit Court (24-7255-NO). ECF No. 1.

The underlying lawsuit arises out of an accident that occurred when a snowmobile being operated by Timothy Ellenwood collided with Michael Hunter's ice fishing shanty on February 13, 2021. ECF No.1-4. Hunter sustained fatal injuries as a result. *Id.* Hunter's wife, Rachel Cook, brought claims of negligence and gross negligence against Timothy Ellenwood. *Id.* At the time of the accident, David and Deborah Ellenwood were insured under a homeowners' policy and an auto policy (collectively, "Policies") issued by Allstate Vehicle and Property Insurance Company and Allstate Fire and Casualty Insurance Company, respectively. ECF Nos. 1-2, 1-3. These Policies provided coverage to the Insureds for damages they were legally obligated to pay because of bodily injury or property damage arising from an occurrence covered by the Policies. *Id.* This coverage for liability includes a defense with counsel of Allstate's choice for the Insureds if they were sued for these types of damages. *Id.* Timothy Ellenwood, the son of the Insureds, was considered a resident relative at the time of the accident. ECF No. 1, PageID.20.

Allstate is currently defending Timothy Ellenwood in the Lenawee County action, subject to a reservation of rights letter. ECF No. 1-5. As it relates to the current action, Allstate maintains that it is not required to defend or indemnify Timothy Ellenwood in the underlying suit pursuant to the

Insureds' Policies. David, Deborah, and Timothy Ellenwood (collectively, the "Ellenwoods") have failed to plead or otherwise defend themselves in this case.

On October 10, 2024, Allstate requested that the Clerk enter default against the Ellenwoods pursuant to the Federal Rule of Civil Procedure 55(a). ECF Nos. 13, 14, 15. The Clerk entered default against the Ellenwoods the same day. ECF No. 16. Allstate then moved for default judgment. ECF No. 17. The Court scheduled a hearing on Allstate's motion for June 11, 2025. The Ellenwoods failed to appear for the hearing or otherwise respond to Allstate's motion for default judgment of declaratory relief against them. ECF No. 32.

Following the hearing, the Court requested supplemental briefing as to why it should exercise its discretionary jurisdiction over this declaratory judgment action before rendering a default judgment against the Ellenwoods. ECF No. 34. Allstate timely submitted its supplemental briefing. ECF No. 35.

For the following reasons, the Court grants Allstate's motion for default judgment.

    II.   ANALYSIS

Before the Court can enter a default judgment against parties who have not appeared in the case, it must determine whether it has jurisdiction

over the defendants. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction. *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Rather, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists. *Id.* In this case, the jurisdiction of the district court to hear Allstate's declaratory judgment action arises out of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Nevertheless, the Court is "under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). Courts are to consider the following five factors in deciding whether to exercise their discretionary jurisdiction over declaratory judgment actions:

> (1) whether the judgment would settle the controversy; (2) whether the judgment would clarify the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata;" (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386 (2019) (quoting *Grand Trunk W.R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

Allstate asserts that all five factors weigh in favor of the Court exercising jurisdiction. Indeed, Allstate is not a party in the underlying state court litigation and thus the coverage dispute between it and the Insureds could not be considered under the existing state court action. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 556 (6th Cir. 2008) (the district court resolved all controversies between the insurer and the insureds because the only dispute between them was the scope of coverage under the insurance policy). The action before the Court would clarify the legal relations and settle the controversy between these parties; thus, factors one and two support the Court's exercise of jurisdiction over this matter.

A declaratory relief action over an insurance coverage dispute, where the insurer is not a party to the underlying action and which was initiated after the underlying state court action, does not suggest procedural fencing or a race for res judicata. *See id*. at 558. "A district court should not deny jurisdiction to a plaintiff who has not done any more than choose the jurisdiction of federal rather than state court." *Id*. (quoting *State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n.1 (6th Cir. 1986)) (quotation marks omitted). The third factor supports jurisdiction in this Court.

Likewise, this Court accepting jurisdiction over this coverage dispute does not increase friction between federal and state courts. The liability

issue presented in the underlying state court action (whether Timothy Ellenwood operated his snowmobile with negligence or gross negligence) is factually and legally distinct from those central to this case (does Allstate have the duty to defend and indemnify Timothy Ellenwood from the alleged liability in the underlying litigation). *See id*. at 560. "[W]hen an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court. . .a decision by the district court on these issues would not offend principles of comity.'" *Id*. (quoting *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir. 2003)). The fourth factor favors the exercise of jurisdiction.

The last factor asks whether there is an alternative remedy that is better or more effective than this federal declaratory action. One of the alternative remedies available to Allstate is to seek a declaratory judgment in state court or to file an indemnity action. However, the Sixth Circuit has found that this factor "does not cut against exercise of jurisdiction" where "[a]nother option would be for plaintiffs to bring a declaratory judgment action in state court' because "while this would likely entail similar advantages as a federal declaratory action, it is not clear that the state-law remedy would be superior." *Byler v. Air Methods Corp.*, 823 F. App'x 356, 367 (6th Cir. 2020). Here, because it is not clear that filing a declaratory action in state court

would be a better or more effective remedy than federal declaratory relief, the Court finds that this factor does not cut against its exercise of jurisdiction. Additionally, because the underlying case has been resolved through settlement, requiring this case to be re-filed in state court would be far less effective than having this Court consider it. ECF No. 35, PageID.456.

Accordingly, the Court finds that a balancing of the *Grand Trunk* factors supports its exercise of jurisdiction over Allstate's request for declaratory relief. As such, the Court may also enter default judgment against the Ellenwood defendants pursuant to its discretionary jurisdiction. *Cross*, 441 F.Supp.2d at 845.

### III.  CONCLUSION

The Court **GRANTS** Allstate's Motion for Entry of Judgment Against Defendants David Ellenwood, Deborah Ellenwood, and Timothy Ellenwood. ECF No. 17. A default judgment shall be entered against these defendants.

**IT IS SO ORDERED.**

                                            s/Shalina D. Kumar
                                            Shalina D. Kumar
                                            United States District Judge

Dated: September 19, 2025