UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>                                    Plaintiff,<br><br>v.<br><br>RACHEL COOK, Individually and as Personal Representative of the Estate of Michael William Hunter,<br><br>                                    Defendant. | Case No. 24-11992<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**

## I.    INTRODUCTION

Plaintiffs Allstate Vehicle and Property Insurance Company ("Allstate")[1]

seeks a declaratory judgment that they owe no duty to defend or indemnify

Timothy Ellenwood—the son and resident relative of their insureds, David

and Deborah Ellenwood (collectively "Insureds")—in a lawsuit brought

---

[1] The Court previously granted plaintiff Allstate Fire and Casualty Insurance Company's motion for summary judgment seeking a declaration that it did not have a duty to defend or indemnify Timothy Ellenwood under David and Deborah Ellenwood's auto insurance policy. ECF No. 27. Thus, Allstate is the only remaining plaintiff.

against him by Rachel Cook (Individually, and as Personal Representative of the Estate of Michael William Hunter (Deceased)) ("Cook") in Lenawee County Circuit Court (24-7255-NO). ECF No. 1.

Allstate moves for summary judgment on the grounds that the Insured's House and Home Policy ("Policy") does not require it to defend or indemnify Timothy Ellenwood in Cook's underlying state court action. ECF No. 26. The motion is fully briefed, ECF Nos. 26, 28, 30, and the Court finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f).

For the following reasons, the Court finds that the Policy affords no coverage for the defense or indemnification of Timothy Ellenwood in Cook's action against him and grants Allstate's motion for summary judgment.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Cook's underlying lawsuit arises from an accident that occurred when a snowmobile operated by Timothy Ellenwood collided with Michael Hunter's ice fishing shanty on February 13, 2021. ECF No.1-4. Hunter sustained fatal injuries as a result. *Id.* Hunter's wife, Cook, brought claims of negligence and gross negligence against Timothy Ellenwood, alleging that he was driving his snowmobile at an excessive speed and was wearing dark goggles in low visibility. *Id.* At the time of the accident, David and Deborah Ellenwood were insured under a House and Home policy ("Policy") issued by Allstate Vehicle

and Property Insurance Company. ECF Nos. 1-2. The Policy provided coverage to the Insureds for damages they were legally obligated to pay because of bodily injury or property damage arising from an occurrence covered by the Policy. *Id.* This coverage for liability includes a defense with counsel of Allstate's choice for the Insureds if they are sued for these types of damages. *Id.* Timothy Ellenwood, the son of the Insureds, was considered a resident relative under the terms of the Policy at the time of the accident. ECF No. 1, PageID.20.

Allstate is currently defending Timothy Ellenwood in the Lenawee County action, subject to a reservation of rights letter. ECF No. 1-5.[2] As it relates to the current action, Allstate maintains that it is entitled to a ruling that it is not required to defend or indemnify Timothy Ellenwood in the underlying suit pursuant to the Insureds' Policies.[3]

---

[2] During the pendency of this action, the parties informed the Court that "the underlying case has been resolved, and a settlement has been reached that is dependent on the outcome of this declaratory action." ECF No. 35, PageID.455.

[3] David, Deborah, and Timothy Ellenwood (collectively, the "Ellenwoods") failed to plead or otherwise defend themselves in this case. At Allstate's request, the Clerk entered default against the Ellenwoods. ECF No. 16. The Court granted Allstate's motion for default judgment against the Ellenwoods, *see* ECF No. 37, and a default judgment was entered against the Ellenwoods in favor of Allstate on September 19, 2025. ECF No. 38. Nevertheless, the Court must address the merits of the coverage dispute to resolve the case as to remaining defendant Cook.

## III.    STANDARD OF REVIEW

If a party moves for summary judgment, it will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "must view all evidence and draw all inferences in the light most favorable to the nonmoving party." *Codrington v. Dolak*, 142 F.4th 884, 890 (6th Cir. 2025) (citing *Anderson*, 477 U.S. at 255).

Where the movant establishes a lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23

(1986). However, it is "the actual proof," and not "isolated, conclusory allegations," that the Court must view "in the light most favorable to the nonmovant." *Baker v. Blackhawk Mining, LLC*, 141 F.4th 760, 766 (6th Cir. 2025) (citing *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008)). The "party asserting that a fact cannot be or is genuinely disputed must support the assertion by…citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The Court "is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989).

Moreover, "[t]he non-moving party must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Rather, "[t]o survive summary judgment, the nonmoving party 'must present significant probative evidence' putting the material facts in doubt." *Walden v. GE Int'l, Inc.*, 119 F.4th 1049, 1057 (6th Cir. 2024) (quoting *Green Genie, Inc. v. City of Detroit*, 63 F.4th 521, 526 (6th Cir. 2023)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient." *Anderson*, 477 U.S. at 252. "The question is whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Anderson*, 477 U.S. at 251–52).

## IV.   ANALYSIS

### a.  The Policy

As previously stated, Allstate insured Deborah and David Ellenwood under the Policy. The parties do not dispute that Timothy Ellenwood, the son of David and Deborah Ellenwood who resided at the insured residence, was an insured person under the Policy pursuant to the resident-relative provision. The dispositive issue is whether Allstate is required to defend or indemnify Timothy Ellenwood under the Policy—which turns on whether the bodily injuries sustained by Hunter fall within the Policy's "motor vehicle" exclusion to coverage. The Policy provides for the following coverage for "Family Liability Protection-Coverage X":

> Subject to the terms, conditions and limitations of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies and is covered by this part of the policy.
>
> **We** may investigate or settle any claim or suit for covered

damages against an **insured person.** If any **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false, or fraudulent. **We** are not obligated to pay any claim or judgment after **we** have exhausted our limit of liability.

ECF No. 1-2, PageID.56.

The Policy includes exclusions to Coverage X, with the relevant portion

providing:

> **We** do not cover **bodily injury** or **property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading, or unloading of any motor vehicle or trailer. **We** will not apply this exclusion to:
>
> ***
>
> b. any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**[.]

*Id.*

The provisions regarding bodily injury expenses under the "Guest

Medical Protection-Coverage Y" states in relevant part:

> **We** will pay the reasonable expenses incurred for necessary medical, surgical, X-ray and dental services, ambulance, hospital, licensed nursing and funeral services, and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an **occurrence** causing **bodily injury** to which this policy applies, and is covered by this part of the policy.
>
> Each person who sustains bodily injury is entitled to this protection when that person is:
> 1. on the **insured premises** with the permission of an **insured person**; or

2. off the **insured premises**, if the **bodily injury**:
   a. arises out of a condition on the **insured premises** or immediately adjoining ways;
   b. is caused by the activities of an **insured person** or a **residence employee**;
   c. is caused by an animal owned by or in the care of an **insured person**; or
   d. is sustained by a **residence employee**.

*Id.* at PageID.58.

The Policy includes exclusions to Coverage Y, with the relevant portion

providing:

5. **We** do not cover **bodily injury** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. **We** will not apply this exclusion to:

*****

b. any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**[.]

*Id.*

### b. Coverage

This case requires the Court to determine Allstate's duties under the

Policy, if any, to defend and indemnify Timothy Ellenwood for the Estate's

underlying complaint and now, the related settlement agreement.

As an initial matter, the Court agrees with the parties that this dispute

is governed by Michigan law. ECF No. 26, PageID.291; ECF No. 28,

PageID.358.  A federal court sitting in diversity will "apply the law, including the choice of law rules, of the forum state." *Uhl v. Komatsu Forklift Co.,* 512 F.3d 294, 302 (6th Cir. 2008) (quoting *Himmel v. Ford Motor Co.,* 342 F.3d 593, 598 (6th Cir. 2003)).  Under Michigan law, "[t]he duty to indemnify arises only with respect to insurance afforded by the policy, whereas the duty to defend arises if a third party's allegations against the insured arguably come within policy coverage." *City of Warren v. Int'l Ins. Co. of Hannover,* 524 F. App'x 254, 258 (6th Cir.2013) (citing *Am. Bumper & Mfg. Co. v. Hartford Fire Ins. Co.,* 550 N.W.2d 475, 481 (Mich.1996)). Accordingly, courts applying Michigan law have found that if a duty to defend does not exist, a duty to indemnify will not arise either. *See Liberty Ins. Corp. v. Bowles,* 36 F. Supp. 3d 756, 760 (E.D. Mich. 2014).

In Michigan, "[t]he duty of the insurer to defend the insured depends upon the allegations in the complaint of the third party in his or her action against the insured." *Detroit Edison Co. v. Michigan Mut. Ins. Co.,* 301 N.W.2d 832, 835 (Mich. Ct. App. 1981). "[I]f the allegations of the underlying suit arguably fall within the coverage of the policy, the insurer has a duty to defend its insured." *Royce v. Citizens Ins. Co.,* N.W.2d 144, 147 (Mich. Ct. App. 1996) (citation omitted). Further, "[a]n insurer has a duty to defend, despite theories of liability asserted against any insured which are not

covered under the policy, if there are any theories of recovery that fall within the policy." *Radenbaugh v. Farm Bureau Gen. Ins. Co. of Mich.,* 610 N.W.2d 272, 275 (Mich. Ct. App. 2000). If, based on the underlying complaint, "the policy does not apply, there is no duty to defend." *Am. Bumper,* 550 N.W.2d at 481.

"In order to determine whether an insurer has a duty to defend its insured, this Court must look to the language of the insurance policy and construe its terms to find the scope of the coverage of the policy." *Royce v. Citizens Ins. Co.,* 557 N.W.2d 144, 146 (Mich. Ct. App. 1996). Because "[a]n insurance policy is much the same as any other contract," the Court must utilize familiar principles of contract interpretation to "determine what the agreement was and effectuate the intent of the parties." *Auto–Owners Ins. Co. v. Churchman,* 489 N.W.2d 431, 433 (Mich. 1992). The insurance contract is read as a whole and meaning is given to all of its terms. *Wilkie v. Auto–Owners Ins. Co.,* 664 N.W.2d 776, 781 n.11 (Mich. 2003). When terms are defined in a policy and those definitions are not ambiguous, the policy's definitions are controlling. *Henderson v. State Farm Fire & Cas. Co.,* 596 N.W.2d 190, 193 (Mich. 1999) (citation omitted). Furthermore, "[t]he fact that a policy does not define a relevant term does not render the policy ambiguous. Rather, reviewing courts must interpret the terms of the contract

in accordance with their commonly used meanings." *Id.* at 194. Whether a contract's terms are ambiguous is a question of law for the court to decide. *Whitehouse Condo. Grp., LLC v. Cincinnati,* 569 F. App'x 413, 416 (6th Cir. 2014) (citing *Wilkie,* 664 N.W.2d at 780). "Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement." *Universal Underwriters Insurance Co. v. Kneeland,* 628 N.W.2d 491, 494 (Mich. 2001).

The insured bears the burden of establishing that there is coverage under the terms of the insurance contract; whereas the insurer bears the burden of showing an absence of coverage. *Hunt v. Drielick,* 852 N.W.2d 562, 565 (Mich. 2014) (citing cases). In addition, "[e]xclusionary clauses in insurance policies are strictly construed in favor of the insured." *Auto– Owners Ins. Co. v. Churchman,* 489 N.W.2d 431, 434 (Mich. 1992) (citing *Shelby Mut. Ins. Co. v. United States Fire Ins. Co.,* 162 N.W.2d 676, 678 (Mich. Ct. App. 1968)). But "[c]lear and specific exclusions must be given effect. It is impossible to hold an insurance company liable for a risk it did not assume." *Id.* (citing *Kaczmarck v. La Perriere,* 60 N.W.2d 327, 330 (Mich. 1953)).

Allstate contends that it owes no duty to defend and indemnify Timothy Ellenwood under the Policy because: (1) any bodily injury or property

damage sustained by Hunter, and by extension Cook and Hunter's Estate, arose out of the use of a motor vehicle (i.e., the snowmobile) which is expressly excluded by the policy; (2) that the exception to the Policy's exclusion does not apply because Timothy Ellenwood is an insured person who owned the snowmobile; (3) the snowmobile is a motor vehicle designed principally for recreational use off public roads; and (4) he was operating it away from the Insured's residence when the accident occurred.

Cook counters that the Policy must provide coverage because "motor vehicle," as used in the exclusion, is ambiguous and must be construed in favor of the Insured. According to Cook, "motor vehicle" is ambiguous because it is not defined in the Policy, and a snowmobile is not commonly understood to be a motor vehicle. To support her position that a snowmobile is not commonly understood to be a motor vehicle, Cook first cites to the definition of "motor vehicle" from the Ellenwoods' auto policy, which specifically excludes snowmobiles: "Motor vehicle means a vehicle…having more than two wheels…designed for operation on a public highway…and does not include a…snowmobile…." ECF No. 28-6, PageID.422. Cook argues that Allstate should not be allowed to specifically exclude snowmobiles from the definition of motor vehicles in one policy and implicitly include them as such in another.

The Court disagrees. Terms unambiguously defined in a policy are controlling for that policy. *See Henderson,* 596 N.W.2d at 193; *see also Citizens Ins. Co. v. Pro-Seal Service Group, Inc.*, 730 N.W.2d 682, 686 (Mich. 2007); *Farm Bureau Mut. Ins. Co. of Mich. v. Nikkel*, 596 N.W.2d 915, 919-20 (Mich. 1999) ("When a contract defines a term, the contractual definition of the defined term controls over the common usage of the term."). Nothing in the language of the Policy indicates that it incorporates the definition of "motor vehicle" from another policy. Indeed, as the parties agree, the Policy does not define "motor vehicle." Courts interpret undefined terms of a policy "in accordance with their commonly used meanings," not by how another unrelated, unreferenced contract might define it. *See Henderson*, 596 N.W.2d at 194; *see also Citizens*, 730 N.W.2d at 686-87.

Cook also argues that snowmobiles are not motor vehicles as defined by Michigan's No-Fault Act and other state and federal statutes, and thus does not fit within the Policy exclusion. But statutory definitions are not to be imported into an insurance policy unless the coverage provided by the policy is mandated by the statute. *See Twichel v. MIC General Ins. Corp.*, 676 N.W.2d 616, 622 (Mich. 2004). When language used in a contract has a definite legal meaning, "the parties to the contract are presumed to have intended such terms to have their proper legal meaning, absent a contrary

intention appearing in the instrument." *Prentis Family Foundation v. Barbara Ann Karmanos Cancer Institute*, 698 N.W.2d 900, 914 (Mich. App. 2005). But here, statutes do not imbue "motor vehicle" with a single definite legal meaning. *Compare* 49 U.S.C. § 30102(a)(7) *with* M.C.L. 500.3101(3)(i). Moreover, even if "motor vehicle" had a definite legal meaning which included wheels and road or highway use, a contrary intention appears in the Policy. The Policy expressly provides that motor vehicles "designed principally for recreational use off public roads" are excluded from coverage if they are 1) owned by an insured person; and 2) being used away from an insured premises. ECF No. 1-2, PageID.56.

When a policy word or phrase does not have a definite meaning, courts are to ascertain the commonly used meaning of the word or phrase by way of their dictionary definition. *See Citizens*, 730 N.W.2d at 687; *see also Prentis*, 698 N.W.2d at 914 (quoting *Conagra, Inc. v. Farmers State Bank*, 602 N.W.2d 390, 401 (Mich. App. 1999)). Accordingly, the Court must employ the lay dictionary definition to find the commonly used meaning of "motor vehicle." The dictionary definition of the term "motor vehicle" is not limited to vehicles used solely on streets or highways or those with more than two wheels as Cook contends. For instance, Merriam-Webster defines "motor vehicle" as "an automotive vehicle not operated on rails." *Merriam-*

*Webster*, https://www.merriam-webster.com/dictionary/motor%20vehicle (last visited on Feb. 12, 2026). This broad definition encompasses a snowmobile, placing bodily injury from a snowmobile within the Policy's exclusion from coverage. But even if it did not, as previously discussed, the Policy specifically addresses motor vehicles "designed principally for recreational use off public roads." ECF No. 1-2, PageID.56. Under the express terms of the Policy, those vehicles, which doubtlessly include snowmobiles, are excluded from coverage if they are 1) owned by an insured person; and 2) being used away from an insured premises. *Id*. Neither statutory definitions, the commonly used meaning of "motor vehicle," nor the express terms of the Policy give rise to an ambiguity relating to the Policy's exclusion of coverage for the incident at issue in the underlying action.

The Policy excludes coverage for bodily injury arising out of the ownership or use of a motor vehicle, but unambiguously provides that the exclusion does not apply to a motor vehicle designed principally for off-road recreational use, *unless* the vehicle was owned by the insured and was being used away from the insured's premises. ECF No. 1-2, PageID.56. Timothy Ellenwood's snowmobile was a type of motor vehicle designed for off-road recreational use, Timothy Ellenwood owned the snowmobile on which he was riding when the accident occurred, and he was using it away

Page **15** of **16**

from the Insured Premises when the accident occurred. Because the Policy excludes coverage for the accident giving rise to Cook's decedent's injuries, Allstate does not have a duty to defend or indemnify Timothy Ellenwood against Cook's underlying state court claims, and summary judgment in favor of Allstate is proper.

## V.   CONCLUSION

Accordingly, the Court **GRANTS** Allstate's motion for summary judgment. ECF No. 26. The Court **DECLARES** that Allstate Vehicle and Property Insurance Company does not have a duty to defend and/or indemnify Timothy Ellenwood against the allegations brought against him by Cook in the lawsuit brought in Lenawee County Circuit Court, Case No. 24-7255-NO.

**IT IS SO ORDERED.**

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

Dated: March 24, 2026